# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EMMA KIDWELL,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0375**  (BOR Appeal No. 2046289)
(Claim No. 2006207028)

**GREENBRIER HOTEL CORPORATION**
**(FORMERLY CSX HOTELS, INC.),**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Emma Kidwell, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Greenbrier Hotel Corporation, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2012, in which the Board affirmed a July 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 22, 2010, decision denying Ms. Kidwell's request for authorization of a left knee steroid injection and also denying her request for a referral for a knee replacement evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kidwell injured her left knee on October 7, 2005, when she slipped and fell while working as a laundress. A left knee x-ray taken on the date of injury revealed osteoarthritis and a June 13, 2006, MRI revealed a left medial meniscal tear with moderately advanced osteoarthritis. On August 31, 2006, she underwent a left knee arthroscopy to repair the torn meniscus. On November 8, 2006, Dr. Orphanos performed an independent medical evaluation and found that

1

Ms. Kidwell can expect to have residual symptoms due to pre-existing degenerative changes which are present in both knees. Ms. Kidwell's treating physician, Dr. Pack, is now requesting authorization for a left knee steroid injection and a referral for a left knee replacement evaluation. On June 22, 2010, the claims administrator denied the requested medical treatment.

In its Order affirming the June 22, 2010, claims administrator's decision, the Office of Judges held that the requested treatment is not medically related or reasonably required for the treatment of the compensable left knee medial meniscal tear. Ms. Kidwell disputes this finding and asserts that the evidence of record demonstrates that the requested treatment is related to the compensable left knee meniscal tear.

The Office of Judges found that the issue of authorization for steroid injections for the left knee has been previously litigated and authorization has been denied based on a finding that the injections have been requested for the treatment of arthritis, which is not a compensable component of the claim. The Office of Judges noted that Ms. Kidwell was diagnosed with pre-existing osteoarthritis immediately after the compensable injury, and further noted that osteoarthritis has never been added as a compensable component of the claim. The Office of Judges then found that Ms. Kidwell's treating physician has inexplicably changed the labeling of her condition from his initial diagnosis of osteoarthritis to degenerative joint disease, and finally to post-traumatic arthritis. Finally, the Office of Judges found that Ms. Kidwell's current left knee condition is not a result of the compensable medial meniscal tear. The Board of Review reached the same reasoned conclusions in its decision of February 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II